315 So.2d 612

**Emmett GRAY**

v.

**STATE.**

**7 Div. 344.**

Court of Criminal Appeals of Alabama.

June 30, 1975.

Love, Love & Lawrence, Talladega, for appellant.

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was convicted by a jury in the Circuit Court of Talladega County wherein he was accused by information of violating Section 285, Title 17, Recompiled Code, 1958, in that he did "unlawfully electioneer or solicit votes or promise candidates by passing our (sic) sample ballots that were marked for certain candidates to persons who were going to vote, . . ." The time alleged was the Democratic Primary Election held on May 7, 1974.

The jury fined defendant $500.00, and the trial court added a sentence of 2 months at hard labor for the county plus 167 days at hard labor for payment of the fine and 40 days of hard labor for payment of the costs. The prosecution originated in the county court from a judgment of guilt there entered. Defendant properly appealed to the circuit court.

We will briefly summarize the evidence of the State's witnesses. They were: (a) Arline Brannon; (b) Sam Ledbetter; (c) Neal Ferguson; (d) Wilby Wallace; and (e) Lewis Sanders.

Witness (a) testified that he was a candidate for coroner in the primary; that he did not see defendant pass out any sample ballots, although prior to May 7, 1974, that he himself had distributed thousands of those ballots in Talladega County.

Witness (b) testified that he saw defendant talk to three black women and hand them a piece of paper; that he had paper in his hand and pocket; that he walked over to defendant and asked him for a sample ballot; that the defendant didn't say anything, he just turned and walked off. He later saw defendant, and he did not have any papers with him at that time.

On cross examination, he testified he never saw any of the pieces of paper close enough to read them and that he could not tell the jury whether or not the ones he saw had any markings on them and that he did not hear the defendant ask anyone to vote for any candidate. He testified that he did not see the defendant hand out anything inside the polling place; that he did not know if the two black women were voters or not; that he didn't know if they were Americans or not.

The next witness (c) was a policeman. He said he saw defendant with a roll of papers outside the armory (the polling place) talking to some ladies, but did not see him do anything other than talk to these ladies; he did not see him pass out any papers; that when defendant was later arrested while in the voting line, he saw the Police Chief Bartlett remove some sample ballots from defendant's pocket. On cross examination, he stated he did not see defendant give anyone any kind of paper, nor did he hear him say anything to anyone about voting.

The next witness (d) was a Talladega Police Captain who testified that he saw defendant talking to people near the armory; that later he returned to the armory with Chief Bartlett; that he advised defendant to leave and that the Chief asked defendant to come outside where he was placed under arrest; that defendant would not let them search him, but they pulled some papers out of his pockets. These papers were identified as State's Exhibits 1 through 7, which were sample ballots.

The witness further testified that he had not seen defendant hand out any papers to anyone, but he had seen him talking to people in cars.

The next witness (e) worked for the Talladega Police Department. He testified he saw defendant at the armory talking to two or three colored people; that he saw some papers in defendant's hand. After testifying about the arrest, he was excused.

Witness (e) was recalled for recross examination. He stated he did not see defendant give anyone any paper, nor did he hear him ask anyone to vote for any candidate.

On redirect examination, he testified that Exhibits 1 through 7 had been in his control since May 7, 1974. Exhibits 1 through 7 were admitted in evidence over defendant's objections.

The prosecution rested, and the defendant thereupon moved to exclude the evidence. The court overruled the motion.

We fail to find any evidence or proof that defendant violated the law as charged in the information, supra.

We pretermit other legal questions argued in the briefs.

The judgment of the court is reversed and the cause remanded.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288,

July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., concurs specially.

CATES, Presiding Judge (concurring specially):

I concur and would also assign that the instant prosecution abridges free speech and expression contary to § 4, Constitution of Alabama 1901, and Amendment 14, Constitution of the United States, which subsumes Amendment 1 thereof to a rule binding the State. See *Mills v. State,* 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484.